1  Joanna Ardalan (Bar No. 285384)
2  jardalan@onellp.com
   Evan Littman (Bar No. 358272)
3  elittman@onellp.com
4  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
5  Newport Beach, CA 92660
6  Telephone:  (949) 502-2870
   Facsimile:   (949) 258-5081
7
8  *Attorneys for Plaintiff,*
   Backgrid USA, Inc.
9

10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA
12

| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARIA EDUARDA CAMPELO GOMES CRUZ, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>1) **COMPLAINT FOR COPYRIGHT INFRINGEMENT(17 U.S.C. § 501)**<br>2) **DECLARATORY RELIEF (17 U.S.C. § 512)**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant Maria Eduarda Campelo Gomes Cruz and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants have consented to jurisdiction in, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California and their consent to "jurisdiction in any judicial district in which Twitter may be found" pursuant to their DMCA Counter Notifications.

## PARTIES

3. Plaintiff Backgrid, USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. On information and belief, Defendant Maria Eduarda Campelo Gomes Cruz ("Defendant" or "Ms. Cruz") is an individual. She represented to Twitter in her counternotification that she lives in Recife, Brazil.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

# FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation for regularly breaking scoops on sought-after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand works, Backgrid owns coveted photographs of celebrities and fashion icons such as Zendaya, Tom Holland, Rihanna, members of the Kardashian family, and many others (the "Celebrity Photographs"). Each of the Celebrity Photographs that are at issue in this action are timely registered. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The copyright registration numbers are attached hereto as Exhibit A.

*Defendants and Their Willfully Infringing Activity*

8. Defendant regularly posts celebrity and fashion images on her Twitter account @21metgala. On information and belief, Ms. Cruz operates and controls the Twitter Account twitter.com/@21metgala ("Twitter Account"). Ms. Cruz caused each of the Celebrity Photographs to be displayed, reproduced, and distributed on the Twitter Account.

9. Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photographs on the Twitter Account without consent or license. The Celebrity Photos were infringed at each location listed in Exhibit B, which is incorporated herein by reference.

10. Defendants violated federal law by willfully infringing Backgrid's copyrights to the Celebrity Photographs on, at least, the Twitter Account.

11. BackGrid sent a DMCA takedown notification for each of the Celebrity Photos. In response, Defendants issued a counter notification to Twitter, claiming that they were legally permitted to post the photographs, when they were not.

12. Defendants are well-versed in celebrity and fashion news and industry practices. They knew they did not have the right to post the Celebrity Photographs. In an interview, Defendant represented that she is "constantly perusing sites like Getty Images or Backgrid for new content," and that "[a]ny recent photo of a celebrity that fashion [] Twitter cares about and is up on those websites is likely going to be posted on @21metgala. It really is about speed and curation." She later describes the importance of licensing content. (See generally, Ms. Cruz interview "Meet the – Other – Really Important Person Behind the Met Gala," https://www.highsnobiety.com/p/21metgala-interview-met-gala-2024/).

13. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Twitter Account was without permission, consent, or license.

14. On information and belief, Defendant operates and controls the Twitter Account at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Defendants have driven significant traffic to their Twitter Account, and therefore increased its revenues, in large part due to the presence of the sought-after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions. Each of the infringements was discovered within 3 years of the filing of this lawsuit.

# FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501)

15. Backgrid incorporates by reference the allegations in paragraphs 1 through 14 above.

16. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

17. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

20. Backgrid has identified infringement by way of the unlawful reproduction and display of Backgrid's photographs.

21. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from Backgrid's copyrights.

23. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable

injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

24. The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work in statutory damages for each infringed photograph, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF
## (Declaratory Judgment, 17 U.S.C. 512(g))

25. Backgrid incorporates here by reference the allegations in paragraphs 1 through 24 above.

26. An actual controversy exists as to whether Defendants is entitled to post Backgrid's photographs without Backgrid's consent on its Twitter Account.

27. Backgrid owns the Celebrity Photographs that were used by Twitter Account without consent or license. Defendants infringed Backgrid's photographs to drive traffic to its account and derive ill-gotten revenues.

28. Backgrid herein alleges that Defendants were not entitled to infringe its photographs and that the Defendant's posting of the works is unlawful.  As such, Backgrid is entitled to an order enjoining Defendants from infringing its photographs at the locations listed in Exhibit B. 17 U.S.C. § 512(g).

29. Defendants' violation of 17 U.S.C. § 501, et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be

permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: March 14, 2025                             **ONE LLP**

                                                By: /s/ Joanna Ardalan
                                                    Joanna Ardalan

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: March 14, 2025　　　　　　　　　**ONE LLP**

　　　　　　　　　　　　　　　　　　　By:  /s/ Joanna Ardalan
　　　　　　　　　　　　　　　　　　　　　　Joanna Ardalan

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff,*
　　　　　　　　　　　　　　　　　　　　Backgrid USA, Inc.